UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SHANNON,

                                 Plaintiff,

    -against-                                    1:05-CV-0555
                                                                 (LEK/DRH)

VERIZON NEW YORK, INC,

                                 Defendant.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

This case involves a claim under the Americans with Disabilities Act, Section 12101 *et seq.*, of Title 42 of the United States Code by Plaintiff Robert Shannon against his employer, Defendant Verizon New York. Complaint (Dkt. No. 1). On April 13, 2007, the Court issued a Memorandum-Decision and Order (the "April Order") (Dkt. No. 54) granting, in part, Defendant's Motion for summary judgment. Summary judgment was granted on Plaintiff's hostile workplace claim in its entirety and his failure to accommodate claim to the extent that it was based on Plaintiff being actually disabled or on Plaintiff having a record of disability. However, summary judgment was denied on Plaintiff's failure to accommodate claim to the extent is was based on a theory that Plaintiff was "regarded as" disabled. Currently before the Court are Motions for partial reconsideration, filed by both parties. Dkt. Nos. 55, 57.

---

[1] For printed publication by the Federal Reporters.

1

## II. Discussion

A.   Standard for Motion for Reconsideration

A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995) (McAvoy, D.J.); Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d. Cir. 1983). "[A] motion for reconsideration should not be granted when the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

B.   Analysis

Defendant argues that reconsideration of the April Order is necessary to correct a clear error of law and/or to prevent manifest injustice. Motion for reconsideration (Dkt. No. 55) at 3. Specifically, Defendant alleges that it was an error of law to allow Plaintiff to proceed with his failure to accommodate claim, once it was decided that Plaintiff was not actually disabled, under the terms of the ADA, and that the Court erred in finding that Plaintiff established his *prima facie* case. Id. at 2.

   1.   Is Finding that Employees Who are "Regarded as" Disabled Have Right to Accommodation a Clear Error of Law?

Defendant asserts that individuals that are not actually disabled, but fall under the protection of the ADA because they are "regarded as" disabled, need not be accommodated. Defendant asserts that it was a clear error of law to allow Plaintiff's failure to accommodate claim to proceed, once it had been determined that Plaintiff was not actually disabled under the terms of the ADA. Motion

for reconsideration (Dkt. No. 55) at 6-8.

However, as Defendant acknowledges, this issue has not been decided in the Second Circuit. See Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 64 (2d Cir. 2003) (declining to decide the issue); Kaplan v. City of North Las Vegas, 323 F.3d 1226, 1231 (9th Cir. 2003) (noting circuit split on this issue). There is also case law in this Circuit that supports the holding of the April Order. Jacques v. DiMarzio,Inc., 200 F. Supp. 2d 151 (E.D.N.Y. 2002); Lorinz v. Turner Const. Co., 2004 WL 1196699 (E.D.N.Y. May 25, 2004).

In supporting its argument, Defendant puts great emphasis on a quote from an order issued by this Court in a previous case, Keck v. N.Y. State Office of Alcoholism & Substance Abuse Servs. ("Keck"), 10 F. Supp.2d 194 (N.D.N.Y. 1998) (Kahn, D.J.). Motion for reconsideration (Dkt. No. 55) at 6. That order states that "there can clearly be no claim of discrimination based on failure to accommodate a disability where there is no actual disability." Keck, 10 F.Supp.2d at 198. However, that statement is dicta, and the Court is not bound to follow it in the present case. The plaintiff in Keck had made no showing as to having a record of a disability or being regarded as disabled; the case was decided on whether the defendant provided accommodation for the plaintiff's actual disability. Id.

Additionally, in the nine years since Keck, several decisions have directly addressed the feasibility of a failure to accommodate claim brought by a plaintiff who is not actually disabled under the terms of the ADA and have decided, persuasively, that these cases should be allowed. Jacques, 200 F.Supp.2d at 163-71; Lorinz, 2004 WL 1196699 at *7; Williams v. Phila. Hous. Auth. Police Dept. ("Williams"), 380 F.3d 751, 773 (3d Cir. 2004). As the District Court of the Eastern District of New York noted in Jacques v. DiMarzio,Inc., "the plain language of the [ADA] does not

distinguish between 'regarded as' disabled plaintiffs and actually disabled plaintiffs in defining who is a 'qualified individual.'" 200 F. Supp.2d at 166 (citing 42 U.S.C. § 12111(8)).  The Jacques court also determined that it was Congress' intent that 'regarded as' plaintiffs be entitled to reasonable accommodations and that such a result furthered the goals of the ADA.  Id. ("[c]ategorically denying reasonable accommodations to "regarded as" plaintiffs would allow the prejudices and biases of others to impermissibly deny an impaired employee his or her job because of the mistaken perception that the employee suffers from an actual disability.  This is the concern addressed by Congress...").  See also Williams, 380 F.3d at 774 ("Thus, the ADA was written to protect one who is 'disabled' by virtue of being 'regarded as' disabled in the same way as one who is 'disabled' by virtue of being 'actually disabled,' because being perceived as disabled 'may prove just as disabling.') (quoting H.R. Rep. No. 101-485 (III), 1990 U.S.C.C.A.N. 445, 453).

   The Court is persuaded that this interpretation of the ADA best serves the statute's goal of remedying discrimination based on misperceptions of people with limitations.

> The '"regarded as" prong of the disability definition is based upon the reality that the perception of disability, socially constructed and reinforced, is difficult to destroy, and in most cases, merely informing the employer of its misperception will not be enough to eliminate the limitation;' consequently, 'failure to mandate reasonable accommodations would undermine the role the ADA plays in ferreting out disability discrimination in employment.'"

Jacques, 200 F.Supp.2d at 167 (quoting Deane v. Pocono Med. Center., 142 F.3d 138, 148 n.12 (3d Cir. 1998)). This view has also been adopted by the First, Third, Tenth, and Eleventh Circuits.  See Gelfo v. Lockheed Martin Corp., 140 Cal. App. 4th 34, 56 n.16 (Cal. Ct. App. 2006).  Accordingly, it cannot be said that this aspect of the April Order was a clear error of law.

2.       Did Plaintiff Otherwise Meet his Prima Facie Case?

Defendant also argues that the April Order constituted a clear error of law in that the Court did not require Plaintiff to meet each element of his *prima facie* case.  Motion for reconsideration (Dkt. No. 55) at 5.  To meet his *prima facie* case, Plaintiff had to show, not only (1) that he was disabled within the meaning of the ADA and (2) that the employer had notice of his disability, but also (3) that reasonable accommodation is available which would allow Plaintiff to perform the essential functions of the position and (4) that Defendant denied Plaintiff reasonable accommodation.  Lovejoy-Wilson v. NOCO Motor Fuel, Inc ("Lovejoy-Wilson"), 262 F.3d 208, 216 (2d Cir. 2001).  Because the first two elements were explicitly discussed in the April Order, only the second two are at issue here.

a.       Did Plaintiff Show that Reasonable Accommodation is Available?

To meet his burden on this prong, Plaintiff must make a facial showing that he is able to performs the job's essential functions, alone or with a suggested accommodation.  Picinich v. UPS, 321 F.Supp.2d 485, 504 (N.D.N.Y. 2004) (McCurn, D.J.).  As to the reasonableness of the suggested accommodation, Plaintiff need only demonstrate that it is facially reasonable.  US Airways, Inc. v. Barnett, 535 U.S. 391, 401 (2002).  See also Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 138 (2d Cir. 1995) ("it is enough...to suggest the existence of a plausible accommodation, the costs of which, facially, do not exceed its benefits").

Plaintiff's pleadings assert that he is able to perform the essential functions of a field technician position without any substantive accommodation, in that several sub-positions within that category do not violate Plaintiff's lifting restriction.  Mem. of Law (Dkt. No. 36) at 1, 6.  Plaintiff notes that Defendant's description of the field technician position includes 46 "general duties," of

which one is that a field technician move or lift 100 pounds. Id. at 6. Essentially, Plaintiff claims that Defendant's requirement that field technicians be able to lift 100 pounds does not correspond to the actual requirements of the position. Id. Accordingly, Plaintiff alleges, Defendant need not provide any material accommodations for Plaintiff to be able to perform the essential functions of that class of positions.

Alternately, Plaintiff's papers suggest that he is able to perform the duties of any field technician position, with the accommodation that he need not perform only one out of 46 general duties. Id. Plaintiff additionally notes that some lifting can be avoided through the use of a bucket truck and that some heavy items, such as manhole covers, can be moved, rather than lifted, which would not violate Plaintiff's restrictions. Id. at 7-8.

Both of the suggested accommodations meet the facial reasonableness standard. Accordingly, Plaintiff has made the required showing that reasonable accommodation is available.

        b.     Did Defendant Deny Plaintiff Reasonable Accommodation?

Defendant argues that, if Plaintiff was entitled to accommodation, Plaintiff was reasonably accommodated, through reassignment to the Construction Coordinator position. Motion for reconsideration (Dkt. No. 55) at 5.

Defendant correctly notes that employers' obligation under the ADA do not extend to granting every accommodation a plaintiff requests, but merely providing accommodation that is reasonable. Id. (citing Fink v. N.Y. City Dept' of Pers., 53 F.3d 565, 567 (2d Cir. 1995)). Reassignment to a vacant position can constitute reasonable accommodation. 42 U.S.C. §12111 (9)(B); Parnahay v. United Parcel Serv., Inc., 20 Fed. Appx. 53, 55-6 (2d Cir. 2001). However, to be reasonable accommodation, the positions must be equivalent in salary, status and benefits. Norville

v. Staten Island Univ. Hosp., 196 F.3d 89, 99 (2d Cir. 1999) ("Reassignment does not constitute reasonable accommodation, therefore, where a position comparable to the employee's former placement is available, but the employee instead is assigned to a position that would involve a significant diminution in salary, benefits, seniority or other advantages that she possessed in her former job.").

Defendant argues that the positions are equivalent in that Plaintiff maintained the same title, pay, benefits, and seniority in the construction coordinator position that he had in the field technician position. Motion for reconsideration (Dkt.No. 55) at 5. However, Plaintiff claims that the positions were not equivalent: field technicians, unlike construction coordinators, were able to earn overtime and were eligible for training opportunities that could lead to enhanced job status. Memo. of Law (Dkt. No. 36) at 3, 16. Plaintiff also complains that the largely clerical duties of the construction coordinator position prevented the positions from being equivalent. Id. A jury could find that, because of the benefits of the field technician position, reassigning Plaintiff to the construction coordinator position did not constitute a reasonable accommodation.[2] Accordingly, Plaintiff met his burden with regard to each element of his prima facie case and summary judgment was denied correctly.

       3.      Plaintiff's claims under New York Human Rights Law

Plaintiff asserted claims under New York's Human Rights Law ("NYHRL"), as well as the ADA. Both parties note that the April Order failed to address Plaintiff's claims under NYHRL.

---

[2] If the positions are found to not be equivalent, Defendant can still avoid liability by proving that assignment to an equivalent position would have created an undue hardship. E.E.O.C. v. Yellow Freight Sys., Inc., 2002 WL 31011859, at *21 (S.D.N.Y., Sept. 9, 2002). See also Norville, 196 F.3d at 89.

The NYHRL states:

> The term 'disability' means (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.

N.Y. Exec. Law § 292 (21).

The definition of disability under NYHRL is less restrictive than under the ADA. Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 155 (2d Cir. 1998). As described in the Court's previous decision, Plaintiff's incontinence does not meet the standard of disability under the ADA because it is not severe enough to substantially limit him in a major life activity. Order (Dkt. No. 54) at 8. However, "an individual can be disabled under the NYHRL if his or her impairment is demonstrable by medically accepted techniques; it is not required that the impairment substantially limit that individual's normal activities." Reeves, 140 F.3d at 155 (quoting Hazeldine v. Beverage Media, Ltd., 954 F. Supp. 697, 706 (S.D.N.Y. 1997)). Plaintiff's incontinence fits within New York's statutory definition of disability: "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function." N.Y. Exec. Law § 292 (21) (a).

Additionally, NYHRL has a provision, like that of the ADA, which allows individuals "regarded as" having a disability to seek the protection of the statute. N.Y. Exec. Law § 292 (21) (c). As has already been established, "a reasonable jury could find that Plaintiff was discriminated against because he was regarded as disabled." Order (Dkt. No. 54) at 11. Accordingly, Plaintiff

8

may prove that he is disabled under either of these prongs of NYHRL.

A prima facie case of failure to provide an accommodation pursuant to NYHRL requires the same showing as under the ADA: the plaintiff was disabled within the terms of the statute, his employer had notice of his disability, he could perform the essential functions of the job, with reasonable accommodation, and the employer failed to make such accommodations. Lovejoy-Wilson, 263 F.3d at 212 n.3, 216 (quoted by Picinich v. United Parcel Serv., 321 F. Supp. 2d 485, 499-500 n.14 (N.D.N.Y., 2004) (McCurn, D.J.). As these elements were already discussed in the analysis of Plaintiff's claims under the ADA, the Court makes reference to the analysis above.

### 4. Plaintiff's Motion for Reconsideration

Plaintiff filed a Motion for partial reconsideration, along with his memorandum in opposition to Defendant's Motion. Dkt. No. 56. Plaintiff argues that it was an error for the Court to grant summary judgment on Plaintiff's retaliation claim. Id. at 8. However, Plaintiff does not assert that intervening law or the availability of new evidence justifies a motion for reconsideration, nor does Plaintiff provide any legal basis for arguing an error of law, or manifest injustice. Instead, Plaintiff merely repeats the argument previously before the Court. Reconsideration will be denied "unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonable be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257. Because Plaintiff did not meet this standard, his Motion for partial reconsideration is denied.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion for reconsideration (Dkt. No. 55) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for partial reconsideration (Dkt. No. 56) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for summary judgment (Dkt. No. 29) is **DENIED**, as to Plaintiff's claims under NYHRL; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     November 05, 2007
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge