UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
ROBERT SHANNON,

              Plaintiff,

    v.                                        1:05-CV-555 (LEK)(DRH)

VERIZON NEW YORK, INC.,

              Defendant.

------------------------------------------------------------

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S STATEMENT OF MATERIAL FACTS

Plaintiff Robert Shannon submits the following Response pursuant to Local Civil Rule 7.1(a)(3):

1. Admit that Plaintiff's co-worker, Liz Weis, at about 5:30 a.m. on September 27, 2007, asked Plaintiff at work whether Plaintiff knew that another Verizon employee had committed suicide. (Pl. Dep. 22-23)

2. A partially redacted copy of an email from Plaintiff's Manager James P. Murray to Plaintiff's Area Manager Barbara Brayton, Murray's direct supervisor, was forwarded to Verizon security investigator John McNicholas at 1:49 p.m. on September 27, 2007 purporting to state a conversation between Murray and Plaintiff on September 27, 2007 at 6:30 a.m. Deny that the Murray-Shannon conversation contained the words as

related by Murray in his email. (Pl. Dep. 11, 25-26, 29, 33-38, 118-119, 143).

    3.  Admit that "Murray wrote" in his partially redacted September 27, 2007 email that "He then stated 'What a waste' that if someone was bothering <u>him</u> I would go postal and that would solve the problem and I would laugh from <u>his</u> jail cell." (Emphasis added) Deny that the quote was stated by Plaintiff to Murray and deny that it was made referring to Plaintiff. Pl. Dep.

    4.  Admit that "Murray wrote" in his partially redacted email that the email stated that Murray "did not feel comfortable with Bob's statement and intended to discuss it with some associates who were present." Deny that Murray discussed it with associates.  Plaintiff's Affidavit, paragraph 12.

    5.  Admit that McNicholas personally and William Perk by telephone, listened in on McNicholas interview of Plaintiff.

    6.  Admit that Investigator McNicholas wrote a two page "Memorandum of Interview" of Plaintiff, dated September 28, 2007, purporting to state events at his September 27, 2007 interview of Plaintiff. The Memorandum did not annex Verizon's Section 1.3 of the company's "Acts or Threats of Violence Defined".

7. Deny that McNicholas received a report from Murray that Plaintiff said to Murray. "What a waste. If someone was bothering me, I would go postal and that would solve the problem and I would laugh from my jail cell." Exhibits A and B, McNicholas affidavit. (Emphasis added).

8. Deny that Plaintiff "admitted" to making, or made, the referenced comments to McNicholas. Exhibits A and B, McNicholas affidavit.

9. Admit that Plaintiff was told to leave his Verizon work site at about 2 p.m. on September 27, 2007 at the urging of Manager James Murray, turn in his keys and access card, and be escorted out of the building by McNicholas and a union representative each on one side of Plaintiff in front of co-workers. Plaintiff Dep. 58-64.

10. Deny that Plaintiff was directed to "participate in" a mental fitness-for-duty examination by EAP "as a condition of Plaintiff's paid administrative leave." Pl. Dep. 68-71.

11. Deny. Plaintiff did not sign the release form filled in by DefendantVerizon's Value Options Employee Assistance Program because there was no requested information to disclose at that time, non-medical personnel at Verizon would have received such psychiatric information and that such disclosure in Plaintiff's view would have violated his protected

3

federal rights to privacy of his medical records.  Plaintiff Dep. 78-84, 151-157.

12.  Admit that Plaintiff returned the Verizon EAP form to Verizon deleting the names of certain non-medical Verizon personnel on the form inserted by Verizon, so as to protect his medical privacy rights.

13.  Deny.  Defendant Verizon placed Plaintiff on unpaid leave on October 17, 2007 as part of its discrimination and retaliation against Plaintiff because of his disability and maintaining this lawsuit, for unlawfully requiring him to submit to a psychiatric exam, and for insisting on a reasonable accommodation based on his disability.  Second Amended Complaint, para. 23-25, 30, Decision and Order dated December 5, 2007 at 6-7.

14. Deny.  Plaintiff requested another appointment with a Verizon's psychiatrist on or about October 29, 2007.  Pl. Dep. 93, 95-96.

15.  Deny.  Plaintiff was constructively forced to retire by Defendant, effective December 15, 2007, because he was deprived of needed income by Defendant's unlawful discrimination and retaliation based suspension in October 2007. Plaintiff Dep. 7-9.

Dated:      March 30, 2009
               Poughkeepsie, New York

                                             __/s/_____
                                             RICHARD B. WOLF    Bar Code 105036
                                             Attorney for Plaintiff
                                             510 Haight Avenue
                                             Poughkeepsie, New York 12603
                                             (845) 454-1200