UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SHANNON,

                              Plaintiff,

    -against-                                  1:05-CV-0555
                                                (LEK/DRH)

VERIZON NEW YORK INC.,

                              Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**

**I.    BACKGROUND**

This case involves claims brought pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the New York Human Rights Law ("NYHRL"), N.Y. EXEC. LAW § 290 et seq., by Plaintiff Robert Shannon ("Plaintiff" or "Shannon") against his former employer, Defendant Verizon New York ("Defendant" or "Verizon"). See generally Second Am. Compl. (Dkt. No. 77). On May 29, 2009, this Court issued a Memorandum-Decision and Order granting Defendant's Motion for partial summary judgment. Order (Dkt. No. 112). Summary judgment was granted on Plaintiff's hostile workplace claim in its entirety and his failure to accommodate claim to the extent that it was based on Plaintiff being actually disabled or on Plaintiff having a record of disability, his claim that Verizon's Workplace Violence Prevention constituted a *per se* violation of the ADA and NYHRL, and his retaliation claims.[1] Id. However, summary judgment was denied on Plaintiff's failure to accommodate claim to the extent is was based on a theory that Plaintiff was "regarded as" disabled. Id. Currently before the Court is Plaintiff's Motion for partial

---

[1] For a full recitation of the underlying facts, see Shannon v. Verizon, 1:05-0555, 2009 U.S. Dist. LEXIS 45160 (N.D.N.Y. May 29, 2009).

1

reconsideration, which Defendant opposes. Motion (Dkt. No. 114); Response (Dkt. No. 116). Specifically, Plaintiff moves for reconsideration of the Order with respect to his Third Claim, which alleged that Verizon unlawfully "retaliated" against him when it required him to submit to a mental fitness for duty examination as a condition of returning to paid employment. Dkt. No. 113.

## II.   DISCUSSION

### A.   Standard of Review

A motion for reconsideration may be granted based on one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995) (McAvoy, D.J.); Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("A movant for reconsideration bears the *heavy burden* of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice") (emphasis added); Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). "[A] motion for reconsideration should not be granted when the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). None of the three circumstances required to support a motion for reconsideration are present here.

### B.   Analysis

#### 1.   Intervening Change of Law

"Plaintiff requests reconsideration based on Sassaman principles which Verizon failed to follow." Dkt. No. 113 at 2; see Sassaman v. Gamache, 07-02721-cv, 2009 U.S. App. LEXIS 10937 (2d Cir. May 22, 2009). Although Plaintiff is correct that "Sassaman was decided on May 22, 2009,

well after the parties' memoranda were submitted on Defendant's present summary judgment motion," it was also decided prior to the date that this Court issued the Order – May 29, 2009. Dkt. No. 113 at 2. Further, the Second Circuit's decision in Sassaman v. Gamache does not represent a change in the law. Plaintiff, in fact, concedes that Sassaman simply "reaffirmed" and "[a]ppl[ied] settled Second Circuit law." Id. Accordingly, Sassaman does not represent an intervening change of controlling law.

Even assuming *arguendo* that Sassaman represents a change in intervening law, which it does not, Plaintiff's Motion must still be denied. The facts and rationale of Sassaman are inapposite to the claim at issue. In Sassaman, a male employee sued his employer and his supervisor for terminating him on the basis of "sex stereotyping" in violation of Title VII. 2009 U.S. App. LEXIS 10937, at *3. The district court granted summary judgment to the defendants on the ground that Sassaman failed to sustain a *prima facie* case, namely, to show that his discharge occurred under circumstances giving rise to an inference of discrimination. Id. On appeal, the Second Circuit held that a stereotypical remark made by Sassaman's supervisor during the same conversation in which he pressured Sassaman to resign, that "you probably did what [your accuser] said because you're male" - - was sufficient to complete the *prima facie* case.

> Here, it is reasonable to infer a discriminatory state of mind from [the supervisor's] remark that men have a propensity to sexually harass women . . . [The supervisor's] apparent reliance on the alleged propensity of men to engage in sexual harassment as a justification, in part, for his decision . . . tend[s] to "show that the decision-maker was motivated by assumptions or attitudes relating to the protected class." . . . From this evidence, a jury could reasonably construe [the supervisor's] statement as persuasive evidence that he pressured Sassaman to resign because of his discriminatory assumptions about the propensity of men to sexually harass their female co-workers.

Id. at *5 (internal citation omitted). Because of that offensive remark, which related directly to Sassaman's Title VII sex stereotyping claim, the Court of Appeals concluded that a jury

3

could reasonably infer "that defendants relied solely on a sex stereotype, and clearly not on the outcome of a reasonable investigation . . . as the basis for the decision to pressure [the plaintiff] to resign." Id. at *6.  Here, Plaintiff offers no such evidence of a discriminatory or retaliatory remark, or a discriminatory or retaliatory motive, by anyone at Verizon.

Sassaman also claimed that the defendants conducted *no* investigation into the allegations against him, id. at *5, a fact from which the Court of Appeals held a jury also could, in conjunction with the offensive remark by the supervisor, infer discriminatory intent.  Id. at **6-7.  But this is not new law, as would support a motion for reconsideration.  Indeed, the Second Circuit noted the same in Malik v. Carrier Corp., a case which Plaintiff, himself, cites.  202 F.3d 97, 105-06 (2d Cir. 2000) ("[U]nder federal law, an employer's failure to investigate may allow a jury to impose liability on the employer").

The Court of Appeals in Sassaman made it abundantly clear that the stereotypical remark made by the decision maker at the time of the allegedly discriminatory act and not the employer's alleged failure to investigate was the reason why summary judgment was improper.

> We emphasize that we do not hold that an arguably insufficient investigation of a complaint of sexual harassment leading to an adverse employment action against the accused is, standing alone, sufficient to support an inference of discriminatory intent. Rather, we hold only that where a plaintiff can point to evidence closely tied to the adverse employment action that could reasonably be interpreted as indicating that discrimination drove the decision [*i.e.*, the sex-stereotypical remark made by the supervisor], an arguably insufficient investigation may support an inference of discriminatory intent.

Sassaman, 2009 U.S. App. LEXIS 10937, at *7.  Here, Plaintiff proffered no evidence of bias or a retaliatory motive.  Plaintiff is, therefore, incorrect that Sassaman would have changed the analysis or outcome in this Court's Order.  Accordingly, there has been no intervening change of law warranting reconsideration.

4

### 2. Previously Unavailable Evidence

Plaintiff offers no new evidence in his Motion for reconsideration and does not purport to do so. Instead, Plaintiff seeks to relitigate an issue previously decided by this Court. Accordingly, this Motion will not be granted on this grounds. See Shrader, 70 F.3d at 257.

### 3. Clear Error or Manifest Injustice

Although not explicitly, Plaintiff may be alleging that there was a clear error of law or manifest injustice warranting the granting of his Motion. Again, this Court reiterates that a motion for reconsideration is not an opportunity for the Plaintiff to get two bites of the apple and relitigate this issue. Id. By merely asserting that this Court failed to apply Sassaman, a case not relevant to the issue at bar, Plaintiff has failed to sustain his heavy burden of demonstrating that reconsideration is warranted.

### III.   CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for partial reconsideration (Dkt. No. 114) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   June 22, 2009
         Albany, New York

_/s/ Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge

5